UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL ANTOINE,
    Plaintiff,

v.     CIVIL ACTION NO. 17-11691-NMG

KINDRED HEALTHCARE, INC.,
    Defendant.

## REPORT AND RECOMMENDATION TO DISMISS CASE.

KELLEY, U.S.M.J.

This case has been referred to the undersigned for three motions: a motion to compel (#20) by defendant Kindred Healthcare, Inc. referred on March 6, 2018 (#21); a motion to compel (#22) by plaintiff Joel Antoine referred on March 9, 2018 (#23); and a motion for a Rule 16 conference (#24) by Kindred Healthcare, Inc. referred on March 12, 2018 (#25). On March 15, 2018, a status conference was scheduled for March 27, 2018. (#26.) A notice of the scheduling conference issued electronically, *id.*, and a hard-copy of the notice was sent to plaintiff at the Cambridge address then listed for him on the docket. (#27.) The copy mailed to Antoine has not been returned to the court by the Post Office.

Plaintiff did not appear at the status conference, and when the clerk attempted to reach him by telephone, his voicemail mailbox was full. (#28.) Antoine was ordered to file a document by April 20, 2018, explaining his absence from the status conference and his absence from his scheduled deposition on March 9, 2018. *Id.* It was further ordered that plaintiff's deposition was to take place before April 20, 2018. *Id.* Plaintiff was advised that if no filings were received, the court would issue an Order to Show Cause why the case should not be dismissed. *Id.* The court's

*Report and Recommendation accepted and adopted.   /s/ NM Gorton, USDJ   7/13/18*

Order (#28) was mailed to plaintiff on March 27, 2018, via regular and certified mail to the Cambridge address then listed for him on the docket. The regular mail has not been returned to the court by the Post Office. The certified mail was returned to the court as unclaimed on April 25, 2018. (#33.)

On April 11, 2018, plaintiff filed a notice of change of address. (#30.) On April 23, 2018, an Order issued noting that Antoine had not stated when his address had changed. (#31.) Plaintiff was ordered to file a document by May 4, 2018, stating specifically the date on which his address changed; explaining his absence from the court hearing on March 27, 2018; and explaining why he missed his scheduled deposition on March 9, 2018. *Id.* Antoine was advised that failure to submit any filing by May 4, 2018, would result in the issuance of an Order to Show Cause why the case should not be dismissed. *Id.* The court's Order (#31) was mailed to plaintiff on April 23, 2018, via regular and certified mail to the new Foxboro address plaintiff had submitted. (#32.) To date, the regular mail sent to the Foxboro address has not been returned to the court by the Post Office. The certified mail was marked as unclaimed and unable to forward by the Post Office, and returned to the court on or about May 23, 2018. (#37.)

In light of Antoine's failure to respond to the Orders issued by this court, and failure to comply with his discovery obligations in this case, the court issued an Order to Show Cause on May 16, 2018. (#35.) Plaintiff was ordered to show cause on or before the close of business on Friday, June 1, 2018, why this case should not be dismissed. *Id.* He was advised that failure to respond to the Order to Show Cause would result in the issuance of a Report and Recommendation to the district judge that this case be dismissed. *Id.* The Order to Show Cause was mailed to plaintiff by regular and certified mail. (#36.) Neither the regular mail nor the certified mail has been returned to the court by the Post Office.

As of this date, Antoine has failed to respond to the court's Order to Show Cause. In light of all of the circumstances, i.e., plaintiff's ongoing failure to respond to court Orders or to comply with his discovery obligations, I RECOMMEND that the complaint be DISMISSED and that this case be TERMINATED.

### Review By The District Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Federal Rules Civil Procedure, shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

June 6, 2018

/s/ M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge